IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBYN ALEXANDER nee RUSHING, ) ) Plaintiff, ) ) vs. ) ) (1) USAA CASUALTY INSURANCE ) COMPANY, a foreign corporation, ) ) ) Defendant. ) | Case No. 6:14-cv-00148-RAW Removal from D.C. Seminole County, CJ-2013-41 |

### NOTICE OF REMOVAL
28 U.S.C. § 1446(a)

TO THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA:

1. **Notice**. Pursuant to 28 U.S.C. §§ 1441 and 1446, and Rule 81.2 of the Local Civil Rules for the United States District Court for the Eastern District of Oklahoma, Defendant USAA Casualty Insurance Company ("USAA CIC"), a foreign corporation, removes this action to this Court, which is the judicial district in which the action is pending. In support of this Notice, USAA CIC states as follows:

2. **The State Court Action**. Plaintiff, Robyn Alexander nee Rushing ("Plaintiff") commenced this action against De Ann Sumpter, Lauryn Elayne Alexander, Progressive Casualty Insurance Co., and USAA CIC on March 29, 2013, in the District Court of Seminole County, State of Oklahoma (Case No. CJ-2013-41) (the "State Court Action"). On February 18, 2014, Plaintiff filed a First Amended Petition listing USAA CIC as the sole defendant. (A copy of the Petition and First Amended Petition are

included in the State Court papers attached hereto as Exhibits 2 and 3 respectively.) USAA CIC was served through the Oklahoma Insurance Commissioner on March 18, 2014. (Ex. 4, Copy of Summons.)

3. <u>Attachment of State Court Papers</u>.  Pursuant to Local Civil Rule 81.2, USAA CIC has attached as Exhibits "1 through 5" all state court papers filed or served in the State Court Action as of the time of removal and a copy of the docket sheet.

4. <u>Removal Is Proper</u>.  Removal to this Court from the District Court of Seminole County, State of Oklahoma, is proper pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (a) there is complete diversity of citizenship between Plaintiff and USAA CIC; (b) the amount in controversy exceeds $75,000; and (c) this Notice of Removal is filed less than thirty days after USAA CIC was served with summons.

*A.*   *<u>Diversity of Citizenship Exists</u>*

5. <u>Plaintiff is a Citizen of Oklahoma</u>: As alleged by Plaintiff in paragraph 1 of her First Amended Petition, Plaintiff is a resident of the State of Oklahoma and is currently in the military and stationed in Warner Robbins, Georgia.  (Ex. 3, First Am. Petition at ¶ 2.)  For diversity purposes, "one is considered a citizen of the state in which he is domiciled." *Bair v. Peck,* 738 F. Supp. 1354, 1355 (D.Kan. 1990) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983)).  "Domicile is presumed to follow residence and the place of residence is prima facie proof of domicile." 28 C.J.S. *Domicile* § 45; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  "[I]n the absence of any avowed intention, and of acts indicating a contrary intention, a long continued residence has been declared a controlling circumstance in determining

domicile, and unavoidably conclusive in most cases." 28 C.J.S. *Domicile* § 55. The domicile of a person in the military or naval service of his or her country generally remains unchanged, as domicile is neither gained nor lost by being temporarily stationed in the line of duty at a particular place, even for a period of years. *Id*. § 35. Here, Plaintiff's express assertion that she is a resident of Oklahoma establishes the presumption she is an Oklahoma citizen and there is no evidence rebutting this presumption. As a result, Plaintiffs is deemed a citizen of Oklahoma purposes of diversity jurisdiction.

6. <u>Defendant Is Not A Citizen of Oklahoma</u>. USAA CIC[1] is a foreign corporation organized and existing under the laws of the state of Texas and it maintains its principal place of business in San Antonio, Texas. (*See* Ex. 6, Information from the Oklahoma Department of Insurance showing USAA CIC's corporate address and status as a foreign corporation.)

B. *<u>The Amount In Controversy Exceeds $75,000</u>*

7. <u>Plaintiff Specifically Alleges Damages Exceeding $75,000</u>. The allegations in Plaintiff's First Amended Petition show the amount in controversy exceeds $75,000. The Amended Petition asserts a cause of action against USAA CIC for breach of the duty

---

[1] USAA CIC contends that USAA Limited is actually the proper defendant in this action because it issued the Policy to Plaintiff upon which this suit is based. USAA Limited, like USAA CIC, is not a citizen of Oklahoma. It is a private company limited by shares governed by the Companies Act of 1985, with its principal place of business in London, England. Removal is still proper, however, based on the allegations against USAA CIC contained in the First Amended Petition.

of good faith and fair dealing ("bad faith").[2]  The Amended Petition states Plaintiff's insurance policy which is the subject of this action "included UM [uninsured motorists coverage] of $300,000.00."  (Ex. 3, First Amended Petition.)  The Amended Petition's "Demand For Relief," requests "[j]udgment against USAA in a sum equal to its UM coverage [$300,000.00]; and for a further sum *in excess of federal jurisdiction limits* to compensate her for the bad faith exhibited by said defendant in adjusting her claim." (Ex. 3, First Amended Petition) (emphasis added).  "As a general rule, pleading damages in excess of the amount in controversy requirement in the complaint is sufficient to satisfy the jurisdictional requirement unless it appears to a legal certainty that plaintiff in good faith cannot claim that amount."  *Cabral v. Willard*, 333 F. Supp. 2d 1108, 1112 (D. Kan. 2004) (citing *St. Paul Mercy Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)).  Here, Plaintiff's Amended Petition plainly pleads damages in excess of the jurisdictional amount and therefore the amount in controversy requirement for removal is satisfied.

C.    *The Removal Is Timely And Procedure Is Proper*

8.    Removal Within Thirty Days Of Receipt.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after USAA CIC was served with summons through the Insurance Commissioner for the State of Oklahoma, which was on March 18, 2014. (*See* Ex. 4.)

---

[2]  Although the heading of the First Amended Petition labels the cause of action as "negligence," the substance of the allegations assert a bad faith action.

9. <u>Notice of Filing</u>.  Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Seminole County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d).  (*See* Ex. 7, Notice of Filing of Notice of Removal.)

10. <u>Payment of Removal Fee</u>.  USAA CIC's counsel has forwarded a check for the removal fee to the Clerk of this Court simultaneously with the filing of this Notice.

WHEREFORE, Defendant USAA Casualty Insurance Company removes this action to this Court and invokes this Court's jurisdiction.

DATED this 17th day of April, 2014.

s/Kyle D. Evans
Lance E. Leffel, OBA No. 19511
Kyle D. Evans, OBA No. 22135
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK   73102-8820
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
E-mails:  lleffel@fellerssnider.com
              kevans@fellerssnider.com

Attorneys for Defendant,
USAA Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the same day this Notice of Removal was filed in the United States District Court for the Eastern District of Oklahoma that a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff c/o:

| | |
|---|---|
| Jerry L. McCombs | J.P. Longacre |
| 2242 Shady Lane | 117 N. Central Avenue |
| Idabel, OK  74745 | P.O. Box 59 |
| | Idabel, OK  74745 |

by:

X  U.S. Postal Service         ☐ In Person Delivery
☐ Courier Service              ☐ E-Mail

and further that a copy of said Notice of Removal will be filed in the office of the Seminole County Court Clerk in Case No. CJ-2013-41.

                                         s/Kyle D. Evans
                                         Kyle D. Evans

641902v2/80698